1 **Thimesch Law Offices**
TIMOTHY S. THIMESCH, Esq. (No. 148213)
2 158 Hilltop Crescent
Walnut Creek, CA 94576-3452
3 Direct: (925) 855-8235
Facsimile: (888) 210-8868
4 tim@thimeschlaw.com

FILED (5)

2010 NOV 29 P 3: 30  155

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA  E-filing

5 Attorneys for Plaintiff
HOLLYNN D'LIL

6

7
LB
8               UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF CALIFORNIA
9                                    CV10  5405

10 HOLLYNN D'LIL,                    CASE NO. _____
                                   Civil Rights
11         Plaintiff,

12 v.                               **COMPLAINT FOR INJUNCTIVE &**
                                   **DECLARATORY RELIEF AND**
13 BAY PARKING, LLC; ERCUMAN        **DAMAGES**: DENIAL OF CIVIL
   KARADAG; EDWARD S. ASLANIAN;     RIGHTS OF A DISABLED PERSON
14 ELEONORE M. ASLANIAN; DOES 1     IN VIOLATION OF THE AMERICANS
   through 50, Inclusive,          WITH DISABILITIES ACT OF 1990,
15                                  AND CALIFORNIA'S DISABLED
           Defendants.             RIGHTS STATUTES
16
                                   **DEMAND FOR JURY TRIAL**
17
                                   [Proper Intradistrict
18                                   Assignment:
                                     San Francisco/Oakland]
19  _____ /

20

21      Plaintiff HOLLYNN D'LIL, on behalf of herself and all other

22 similarly  situated  disabled  persons,  hereby  complains  of

23 Defendants  BAY  PARKING,  LLC,  a  California  Limited  Liability

24 Company; ERCUMAN KARADAG, an individual; EDWARD S. ASLANIAN,

25 who, on information and belief is the Trustee of the Aslanian

26 2006 Revocable Trust, the owner of the subject parcel; ELEONORE

27 M. ASLANIAN, who, on information and belief is the Trustee of

28 the Aslanian 2006 Revocable Trust, the owner of the subject

1   parcel; DOES 1 through 50, Inclusive (hereafter "Defendants"),

2   and demands a trial by jury, and alleges as follows:

3

4   **INTRODUCTION**

5       1.   Plaintiff  HOLLYNN  D'LIL  is  a  person  whose

6   physical  disabilities  require  the  use  of  a  wheelchair  for

7   mobility.   She files suit against the owners, operators, lessors

8   and/or lessees of the paid public parking lot located at or near

9   38 - 8th  Street,  San  Francisco,  at  the  south  corner  of  the

10  intersection  of  8th  and  Stevenson.   Her  goal  is  positive:  to

11  increase  the  number  of  downtown  parking  opportunities  for  the

12  disabled.   This  particular  parking  lot  is  one  of  the  few

13  opportunities  serving  the  Orpheum  Theater  where  Plaintiff  likes

14  to attend.

15      2.   The configuration of the parking lot, its paths

16  of travel and parking stalls, and operational policies all deny

17  basic access to persons with disabilities.   The barriers include

18  the absence of a designated disabled accessible parking space,

19  the  absence  of  an  accessible  route  from  the  parking  to  the

20  boundary of the site and valet booth and kiosk, and the absence

21  of an accessible transaction counter.

22      3.   These and other facilities at the parking lot all

23  fail to provide the "full and equal" access required by Title

24  III  of  the  Americans  With  Disabilities  Act  of  1990;  the

25  California Disabled Rights Acts (sections 54 and 54.1ff Civil

26  Code); and Title 24 of the California Code of Regulations (now

27  known as the California Building Code).   As a result, Plaintiff

28  was  denied,  and  continues  to  be  denied,  access  and/or  is

1  deterred from re-visiting the parking lot, all in violation of
2  her Civil Rights to full and equal access, and is embarrassed,
3  humiliated and upset, all to her statutory and general damage.
4  Plaintiff seeks injunctive and injunctive relief requiring
5  provision of access under the Americans With Disabilities Act of
6  1990 at section 308(a); injunctive relief for "full and equal
7  access" under California law; and statutory damages for
8  Plaintiff under California law.

9

10 **JURISDICTION AND VENUE**

11      4.   This Court has subject matter jurisdiction of
12 this action pursuant to 28 U.S.C. 1331 and 1332.

13      5.   Pursuant to pendant jurisdiction, attendant and
14 related causes of action, arising from the same facts, are also
15 brought under California law, including but not limited to
16 violations of California Health & Safety Code Sections 19955 *et*
17 *seq.*, including Section 19959; Title 24 California Code of
18 Regulations; and California Civil Code Sections 54 and 54.1 *et*
19 *seq.*

20      6.   Venue is proper in this court pursuant to
21 28 U.S.C. 1391(b) and is founded on the fact that the real
22 property which is the subject of this action is located in this
23 district and that Plaintiff's causes of action arose in this
24 district.

25      7.   **Intradistrict Jurisdiction.**  Under intradistrict
26 as the real property that is the subject of this action is
27 located in the San Francisco/Oakland intradistrict and
28 Plaintiff's causes of action arose in the San Francisco/Oakland

1   intradistrict (a property located in San Francisco).

2

3   **PARTIES**

4       8.   At all times relevant to this complaint,

5   Plaintiff qualified as a "person with a disability," as this

6   term is used under California law and under federal laws

7   including but not limited to Title III of the Americans With

8   Disabilities Act of 1990.

9       9.   Plaintiff's physical condition and paralysis

10  requires the use of a wheelchair for traveling about in public

11  places.

12      10.  Plaintiff is informed and believes that each of

13  the Defendants herein, including DOES 1 through 50, inclusive,

14  is the joint authority, controlling interest, owner,

15  constructive owner, beneficial owner, trust, trustee, agent,

16  ostensible agent, alter ego, master, servant, employer,

17  employee, representative, franchiser, franchisee, joint

18  venturer, partner, associate, parent company, subsidiary, board,

19  commission, department, representative, or such similar

20  capacity, of each of the other Defendants, and was at all times

21  acting and performing, or failing to act or perform, within the

22  course and scope of his, her or its authority as a joint

23  authority, constructive owner, beneficial owner, agent, trust,

24  trustee, ostensible agent, alter ego, master, servant, employer,

25  employee, representative, franchiser, franchisee, joint

26  venturer, partner, associate, parent company, subsidiary, board,

27  commission, department, representative, or such similar

28  capacity, and with the authorization, consent, permission or

Hannah Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA 94597
(925) 588-0401

1   ratification of each of the other Defendants, and is responsible

2   in some manner for the acts and omissions of the other

3   Defendants in proximately causing the violations and damages

4   complained of herein, and have approved or ratified each of the

5   acts or omissions of each other defendant, as herein described.

6   Plaintiff will seek leave to amend when the true names,

7   capacities, connections, and responsibilities of Defendants BAY

8   PARKING, LLC; ERCUMAN KARADAG; EDWARD S. ASLANIAN; ELEONORE M.

9   ASLANIAN; DOES 1 through 50, Inclusive, are ascertained.

10

11  **FACTUAL ALLEGATIONS**

12          11.   The parking lot and its facilities, including its

13  parking facilities, paths of travel, and other facilities, are

14  each a "public accommodation or facility" subject to the

15  requirements of Government Code sections 4450 et seq., Health &

16  Safety Code Section 19955 et seq., and of the California Civil

17  Code sections 51, 54, 54.1, and 54.3.   On information and

18  belief, each such facility has, since January 1, 1968, undergone

19  unfinished "new construction," and/or "alterations, structural

20  repairs, and additions," each of which has subjected the subject

21  parking lot and its public facilities to state disabled access

22  requirements per section 4456 Government Code, 19959 Health and

23  Safety Code, and since July 1, 1982, per provisions of Title 24

24  of the California Code of Regulations.

25          12.   Plaintiff HolLynn D'Lil drives a lift-equipped

26  van. On or about July 14, 2010, she attempted to patronize the

27  subject parking lot in her van while downtown for entertainment

28  at the Orpheum.   However, she was unable to use the lot because

1  of its failure to provide access to the aforementioned

2  facilities, and the failure of Defendants to modify their

3  facilities, and/or policies practices and procedures to provide

4  for her entry and use.  She was forced to look for parking

5  elsewhere, all to her personal damages, losing money and/or

6  property interest.  She seeks damages for actual denial and

7  deterrence.

8       13. Plaintiff complained on site to the parking

9  attendant, but who instead defended the "legality" of the

10 parking lot.  When Plaintiff asked for the name of the owner

11 to complain in writing, the attendant identified BAY PARKING,

12 LLC; and ERCUMAN KARADAG as the owners, and told her to write

13 to them at 38 - 8th Street, San Francisco.  Plaintiff did so

14 and her letter was returned.  On information and belief,

15 Defendants have knowledge, and/or received other notice, of

16 complaints like Plaintiff's regarding the inability of the

17 disabled to use equally the facilities at the subject parking

18 lot.  Despite knowledge of the access problems, and complaints

19 from other disabled patrons, and the passage of extended time

20 since Plaintiff and other disabled persons first provided

21 notice of these deficiencies, Defendants have failed to

22 investigate these problems, and have failed to take the

23 necessary action to provide legally required access features

24 to allow "full and equal" use of the premises by physically

25 disabled persons.

26      14. The removal of all such barriers was required

27 by Title III of the ADA, section 302 and/or section 303 of the

28 ADA, and California law.

1    15.  Plaintiff would like to return and use the
2    facilities at the parking lot for her trips downtown, but is
3    prevented from doing so on a full and equal basis by the
4    barriers and discriminatory situation described herein.

5    16.  On information and belief, as a result of all
6    Defendants' above stated acts and omissions, Plaintiff
7    suffered loss of her Civil Rights, suffered emotional damages
8    normally and naturally associated with denial of one's civil
9    rights and thereby being treated like a second class citizen,
10   all to her damage.

11   17.  Moreover, Plaintiff and other similarly
12   situated disabled persons will continue to be damaged on a
13   continuous basis as long as Defendants fail to provide proper
14   disabled access in the respects complained of, as they will
15   either be discouraged from using subject parking lot, or would
16   make the visit despite the obstacles to access they would have
17   to encounter, and suffer additional discriminatory
18   experiences.

19   18.  Plaintiff has no adequate remedy at law as to
20   the recurring damages facing her each time she returns to
21   these inaccessible facilities.  Unless the relief requested
22   herein is granted, Plaintiff and many other physically
23   disabled persons will each suffer irreparable harm in that
24   their fundamental right to accessible public facilities while
25   patronizing the subject parking lot will be denied and abridged.
26   ////
27
28

**FIRST CAUSE OF ACTION:**

**Violations OF Title III**

**of the Americans with Disabilities Act OF 1990**

**42 USC §§ 12101ff**

19. Plaintiff repleads and incorporates, as if fully set forth again herein, the factual allegations contained in paragraphs 1 through 18, above.

20. In 1990 the United States Congress made findings per 42 U.S.C. Section 12101 regarding physically disabled persons, finding that laws were needed to more fully protect "some 43 million Americans with one or more physical or mental disabilities;" that "historically society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;" that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self sufficiency for such individuals;" and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous..."

21. Congress stated as its purpose in passing the Americans with Disabilities Act (42 USC § 12101(b)):

It is the purpose of this act —

(1) to provide a clear and comprehensive national mandate for the elimination of discrimination against

O'Hanneil Law Offices
150 HILLTOP CRESCENT
WALNUT CREEK, CA 94597
(925) 932-0401

1    individuals with disabilities;

2    (2) to provide clear, strong, consistent, enforceable

3    standards    addressing    discrimination    against

4    individuals with disabilities;

5    (3) to ensure that the Federal government plays a

6    central role in enforcing the standards established in

7    this act on behalf of individuals with disabilities;

8    and

9    (4) to invoke the sweep of Congressional authority,

10   including the power to enforce the 14th Amendment and

11   to regulate commerce, in order to address the major

12   areas of discrimination faced day to day by people

13   with disabilities.  (Emphasis added)

14        22.  As part of the Americans with Disabilities Act,

15   Public Law 101-336, (hereinafter the "ADA"), Congress passed

16   "Title III - Public Accommodations and Services Operated by

17   Private Entities" (42 U.S.C 12181ff).  Among the Act's "covered

18   entities" are "public accommodations," "rental facilities,"

19   "service establishments," and "commercial facilities."

20        23.  Pursuant to Section 302 [42 U.S.C 12182], "[n]o

21   individual shall be discriminated against on the basis of

22   disability in the full and equal enjoyment of the goods,

23   services, facilities, privileges, advantages, or accommodations

24   of any place of public accommodation by any person who owns,

25   leases, or leases to, or operates a place of public

26   accommodation."

27        24.  Among the general prohibitions of discrimination

28   included in Section 302(b)(1)(A) are the following:

1  § 302(b)(1)(A)(i): "DENIAL OF PARTICIPATION.  — It

2  shall be discriminatory to subject an individual or

3  class of individuals on the basis of a disability or

4  disabilities of such individual or class, directly, or

5  through contractual, licensing, or other arrangements,

6  to a denial of the opportunity of the individual or

7  class to participate in or benefit from the goods,

8  services, facilities, privileges, advantages, or

9  accommodations of an entity."

10  § 302(b)(1)(A)(ii): "PARTICIPATION IN UNEQUAL

11  BENEFIT — It shall be discriminatory to afford an

12  individual or class of individuals, on the basis of a

13  disability or disabilities of such individual or

14  class, directly, or through contractual, licensing, or

15  other arrangements with the opportunity to participate

16  in or benefit from a good, service, facility,

17  privilege, advantage, or accommodation that is not

18  equal to that afforded to other individuals."

19  § 302(b)(1)(A)(iii): "SEPARATE BENEFIT. — It shall be

20  discriminatory to provide an individual or class of

21  individuals, on the basis of a disability or

22  disabilities of such individual or class, directly, or

23  through contractual, licensing, or other arrangements

24  with a good, service, facility, privilege, advantage,

25  or accommodation that is different or separate from

26  that provided to other individuals, unless such action

27  is necessary to provide the individual or class of

28  individuals with a good, service, facility, privilege,

1  advantage, or accommodation, or other opportunity that

2  is as effective as that provided to others."

3      25. The acts and omissions at defendant's parking

4  lot, as described herein, constitute "discrimination" in

5  violation of Section 302(b)(1)(A).

6      26. Among the specific prohibitions against

7  discrimination in the ADA include the following:

8      § 302(b)(2)(A)(ii): "A failure to make reasonable

9  modifications in policies, practices or procedures

10  when such modifications are necessary to afford such

11  goods, services, facilities, privileges, advantages or

12  accommodations to individuals with disabilities..."

13      § 302(b)(2)(A)(iii): "A failure to take such steps as

14  may be necessary to ensure that no individual with a

15  disability is excluded, denied services, segregated or

16  otherwise treated differently than other individuals

17  because of the absence of auxiliary aids and services,

18  unless the entity can demonstrate that taking such

19  steps would fundamentally alter the nature of the good,

20  service, facility, privilege, advantage, or

21  accommodation being offered or would result in an undue

22  burden;"

23      § 302(b)(2)(A)(iv): "A failure to remove architectural

24  barriers, and communication barriers that are

25  structural in nature, in existing facilities... where

26  such removal is readily achievable;"

27      § 302(b)(2)(A)(v): "Where an entity can demonstrate

28  that the removal of a barrier under clause (iv) is not

1    readily achievable, a failure to make such goods,

2    services, facilities, privileges, advantages, or

3    accommodations available through alternative methods

4    if such methods are readily achievable." The acts and

5    omissions of Defendants set forth herein were in

6    violation of Plaintiff's rights under the ADA, Public

7    Law 101-336, and the regulations promulgated

8    thereunder, 28 CFR Part 36ff.

9        27. The facilities, acts and omissions at defendant's

10  parking lot, as described herein, constitute "discrimination" in

11  violation of Section 302(b)(2)(A).

12       28. The removal of **each** of the barriers complained of

13  by plaintiff as hereinabove alleged (i.e., in paragraphs 2 and

14  3, above) were − at all times on or after January 26, 1992 −

15  "readily achievable."

16       29. Further, at all times herein mentioned,

17  modification of or removal of these barriers was "readily

18  achievable" under the factors specified in the Americans with

19  Disabilities Act of 1990, including but not limited to

20  section 301(9) [42 U.S.C. 12181], and the Regulations adopted

21  thereto.

22       30. Further, if Defendants are collectively able to

23  "demonstrate" that it was not "readily achievable" for

24  Defendants to remove each of such barriers, Defendants have

25  failed to make the required services available through

26  alternative methods which were readily achievable, as required

27  by Section 302 of the ADA [42 U.S.C. 12182], or through

28  reasonable modifications in policy, practices and procedures.

1          31.  "Discrimination"  is  further  defined  under

2    Section 303(a)(2) of the ADA, for a facility or part thereof

3    that was altered after the effective date of Section 303 of the

4    ADA in such a manner as to affect or that could affect the

5    usability of the facility or part thereof by persons with

6    disabilities, to include per Section 303(a)(2) [42 U.S.C.

7    12183], "a failure to make alterations in such a manner that, to

8    the maximum extent feasible, the altered portions of the

9    facility are readily accessible to and usable by individuals

10    with disabilities, including individuals who use wheelchairs."

11    Additionally, for alterations to areas of a facility involving a

12    "primary function," discrimination under the ADA, per Section

13    303(a)(2) (42 U.S.C. 12183), also includes the failure of an

14    entity "to make the alterations in such a manner that, to the

15    maximum extent feasible, the path of travel to the altered area

16    and the bathrooms, telephones, and drinking fountains serving

17    the altered area, are readily accessible to and usable by

18    individuals with disabilities."  On information and belief, the

19    subject building constitutes a "commercial facility," and

20    Defendants have, since the date of enactment of the ADA,

21    performed alterations (including alterations to areas of primary

22    function) to the subject building and its facilities, public

23    accommodations, and commercial facilities, which fail to provide

24    facilities and paths of travel to such areas that are readily

25    accessible to and usable by individuals with disabilities, in

26    violation of Section 303(a)(2), and the regulations promulgated

27    thereunder, 28 CFR Part 36ff.

28          32.  Pursuant to the Americans with Disabilities Act,

1    42 USC 12188ff, Section 308, Plaintiff is entitled to the

2    remedies and procedures set forth in Section 204, subsection

3    (a), of the Civil Rights Act of 1964 (42 USC 2000a-3, at

4    subsection (a)), as plaintiff is being subjected to

5    discrimination on the basis of disability in violation of this

6    title or has reasonable grounds for believing that she is about

7    to be subjected to discrimination in violation of Sections 302

8    and 303.   On information and belief, Defendants have continued

9    to violate the law and deny the rights of plaintiff and of other

10   disabled persons to access this public accommodation.   Pursuant

11   to Section 308(a)(2), "[i]n cases of violations of

12   Section 302(b)(2)(A)(iv)... injunctive relief shall include an

13   order to alter facilities to make such facilities readily

14   accessible to and usable by individuals with disabilities to the

15   extent required by this title."

16       33. As a result of Defendants' acts and omissions in

17   this regard, plaintiff has been required to incur legal expenses

18   and attorney fees, as provided by statute, in order to enforce

19   plaintiff's rights and to enforce provisions of the law

20   protecting access for disabled persons and prohibiting

21   discrimination against disabled persons.   Plaintiff therefore

22   seeks recovery of all reasonable attorneys' fees, litigation

23   expenses (including expert fees) and costs, pursuant to the

24   provisions of Section 505 of the ADA (42 U.S.C. 12205) and the

25   Department of Justice's regulations for enforcement of Title III

26   of the ADA (28 CFR 36.505).   Additionally, plaintiff's lawsuit

27   is intended not only to obtain compensation for damages to

28   plaintiff, but also to require the Defendants to make their

1 facilities accessible to all disabled members of the public,
2 justifying "public interest" attorneys' fees pursuant to the
3 provisions of California Code of Civil Procedure Section 1021.5.

4     WHEREFORE, plaintiffs prays that this Court grant
5 relief as hereinafter stated:

6

7                    **SECOND CAUSE OF ACTION:**

8    **Denial of Full and Equal Access to a Person with a Disability**

9                        **In a Public Facility,**

10      **In Violation of California's Disabled Access Statutes**

11     34.  Plaintiff repleads and incorporates by reference,
12 as if fully set forth again herein, the allegations contained in
13 Paragraphs 1 through 33 of this complaint and incorporates them
14 herein as if separately repled.

15     35.  Plaintiff  Hollynn  D'Lil,  and  other  similarly
16 situated physically disabled persons (whose physical conditions
17 require the use of a wheelchair or other mobility device are
18 unable to use public facilities at subject parking lot on a
19 "full and equal" basis unless such facilities are brought into
20 compliance with the provisions of California Health & Safety
21 Code sections 19955 et seq.  Plaintiff is a member of that
22 portion of the public whose rights are protected by the
23 provisions of sections 19955 et seq. Health & Safety Code.

24     36.  Under  section  54.1  Civil  Code,  persons  with
25 disabilities are entitled to "full and equal access" to public
26 accommodations.  "Public accommodations" are further defined as
27 a building, structure, facility complex, or improved area which
28 is used by the general public and shall include parking lots,

Gilmesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA 94597
(925) 588-0401

1    paths of travel, counters, and attendant facilities.

2         37. Defendants participate in the operation of the

3    subject public accommodation, subjecting the property and all

4    such Defendants to the requirements of California's Disabled

5    Rights statutes.

6         38. Health & Safety Code Section 19955 provides in

7    pertinent part:

8         (a) The purpose of this part is to insure that public

9         accommodations or facilities constructed in this state

10        with private funds adhere to the provisions of Chapter

11        7 (commencing with § 4450) of Division 5 of Title 1 of

12        the Government Code.  For the purposes of this part

13        "public accommodation or facilities" means a building,

14        structure, facility, complex, or improved area which

15        is used by the general public and shall include

16        auditoriums, hospitals, theaters, restaurants, hotels,

17        motels, stadiums, and conventions centers.

18        39. Health and Safety Code Section 19956, which

19   appears in the same chapter as 19955, provides, in pertinent

20   part: "[a]ll public accommodations constructed in this state

21   shall conform to the provisions of Chapter 7 (commencing with

22   § 4450) of Division 5 of Title 1 of the Government Code...."

23        40. Section 19956 Health & Safety Code was operative

24   July 1, 1970, and is applicable to all public accommodations

25   constructed or altered after that date.  On information and

26   belief, portions of the subject building were constructed and/or

27   altered after July 1, 1970, and portions of the subject building

28   were structurally remodeled, altered and have undergone

1   structural repairs or additions after July 1, 1970. Such

2   construction required such building and its public accommodation

3   facilities to be subject to the requirements of Part 5.5,

4   Sections 19955, et seq., of the Health and Safety Code, which

5   requires provision of access upon "alterations, structural

6   repairs or additions" per Section 19959 Health & Safety Code, or

7   upon a change of occupancy (a form of "alteration").

8         41. Multiple construction, alterations, structural

9   repairs and/or additions were completed on the subject parking

10   lot property after the January 1, 1968 effective date of

11   Government Code Sections 4450 et seq., and the July 1, 1970

12   effective date of Health & Safety Code Section 19955-19959,

13   legally requiring that proper access for disabled persons be

14   provided in each and every regard complained of herein.

15         42. Construction or alteration at such facilities

16   also triggered access requirements pursuant to section 4456

17   Government Code and Title 24 of the California Code of

18   Regulations. Further, section 19955 Health & Safety Code also

19   requires that, "[w]hen sanitary facilities are made available

20   for the public, clients or employees in such accommodations or

21   facilities, they shall be made available for the physically

22   handicapped." Title 24, California Code of Regulations

23   (formerly known as the California Administrative Code and now

24   known as the California Building Code), was in effect at the

25   time of each alteration which, on information and belief,

26   occurred at such public facility since January 1, 1982, thus

27   requiring access complying with the specifications of Title 24

28   whenever each such "alteration, structural repair or addition"

1    is carried out.  Title 24 imposes additional access requirements
2    with which Defendants have not complied, including additional
3    requirements for accessible restrooms which serve the areas of
4    alteration.

5           43.  As a result of the actions and failure to act of
6    Defendants and each of them, and as a result of the failure to
7    provide    proper    disabled    accessible    facilities    as    above
8    described, Plaintiff Hollynn D'Lil was denied her Civil Rights,
9    including    her    right    to    full    and    equal    access    to    public
10   facilities, was embarrassed, humiliated and upset in a manner
11   normally and naturally associated with denial of one's civil
12   rights, all to her general damages in an amount within the
13   jurisdiction of this Court.

14          44.  Plaintiff seeks ongoing damages on a per-incident
15   basis for each occasion of denial and/or basis.

16          45.  As a result of the Defendants' continuing failure
17   to provide proper access for disabled persons to use the public
18   facilities, Plaintiff and other, similarly-situated disabled
19   persons are being continually denied their rights to full and
20   equal    access    to    subject    parking    lot    and    its    attendant
21   facilities.

22          46.  The    acts    and    omissions    of    Defendants    as
23   complained of herein exist on a continuing basis and have the
24   effect of wrongfully excluding, and/or discriminating against,
25   Plaintiff and other members of the public who are physically
26   disabled wheelchair users from full and equal access to the
27   public facilities involved.  Such acts and omissions continue to
28   treat them as inferior and a second class citizens and serve to

1    discriminate against their on the sole basis that they are
2    physically disabled and require the use of a wheelchair for
3    movement in public places, or require the use of disabled
4    accessible facilities such as handicap parking; Plaintiff is
5    unable, so long as such acts and omissions of Defendants
6    continue, to achieve full and equal access to these public
7    facilities.  The acts of Defendants have proximately caused and
8    will continue to cause irreparable injury to Plaintiff if not
9    enjoined by this court.

10        47.  WHEREFORE, Plaintiff  asks  this  court  to
11   preliminarily and permanently enjoin any continuing refusal by
12   those Defendants which currently own, operate or lease the
13   premises, or who control such premises as the operating public
14   entities, to grant such access to Plaintiff and other similarly
15   situated persons, and to require such Defendants to comply
16   forthwith with the applicable statutory requirements relating to
17   access for the disabled.  Such injunctive relief is provided by
18   section 19953 Health & Safety Code and California Civil Code
19   section 55.  Plaintiff further request that the court award
20   statutory attorneys' fees, litigation expenses and costs to
21   Plaintiff pursuant to section 19953 Health & Safety Code, Civil
22   Code section 55, and Code of Civil Procedure section 1021.5, all
23   as hereinafter prayed for.

24

25               **THIRD CAUSE OF ACTION:**

26       **Violation of California's Disabled Rights Acts**

27              **(§§54, 54.1 and 55 CIVIL CODE)**

28        48.  Plaintiff repleads and incorporates by reference,

1   as if fully set forth again herein, the allegations contained in

2   paragraphs 1 through 47 of this complaint and incorporates them

3   herein as if separately repled.

4         49.  The  aforementioned  acts  and  omissions  of

5   Defendants and each of them constitute a denial of equal access

6   to and use and enjoyment of these facilities by persons with

7   disabilities, including Plaintiff Hollynn D'Lil.  Said acts and

8   omissions are also in violation of provisions of Title 24 of the

9   California Administrative Code (later known as the California

10  Code of Regulations and the California Building Code.)

11        50.  On or about the above date complained of herein,

12  and on other occasions certain to occur thereafter, including

13  occasions of deterrence, Plaintiff Hollynn D'Lil has and will

14  suffer violations of sections 54 and 54.1 Civil Code in that she

15  has and will be denied full and equal access to the subject

16  parking lot facilities on the basis that she is a physically

17  disabled person.

18        51.  Plaintiff is further informed and believes that

19  before and after such dates, the named Defendants and each of

20  them were made aware orally, in writing, and through the media

21  and governmental sources of the inaccessibility of their public

22  facility/business to disabled persons, such as Plaintiff, and

23  other persons with disabilities similarly situated, and of the

24  federal and state legal obligations of owners and operators of

25  public  facilities  to  make  their  facilities  accessible  to

26  disabled persons.  Despite being informed of such effect on

27  disabled persons and the manner in which their practices and

28  lack of acceptable facilities were continuing to discriminate

1   against disabled persons on a continuous basis, said Defendants
2   and each of them knowingly and willfully failed and refused to
3   take any steps to rectify this situation and to provide full and
4   equal access for disabled persons to each public facility
5   referred to herein.

6          52.  At all times since Plaintiff's above specified
7   complaints, and on information and belief for periods prior to
8   this date, Defendants were on notice of the requirements of the
9   law relating to provision for full and equal disabled access.
10  Especially as Defendants were on full notice, each incident that
11  Defendants deny or deter Plaintiff's access constitutes a new
12  and distinct violation of her right to full and equal access to
13  this public facility, in violation of Sections 54 and 54.1, et
14  seq. Civil Code.  In the event of a default judgment against any
15  particular defendant, Plaintiff will seek an injunction
16  requiring provision of all access called for in this complaint,
17  plus damages of $4,000 per incident of denial or deterrence as
18  demonstrated at a prove-up hearing, plus reasonable attorneys'
19  fees, litigation expenses and costs as set by the court, until
20  the site is brought into full compliance with state and federal
21  access laws protecting the rights of the disabled, or,
22  alternatively, until the date of entry of default.

23         53.  As a result of the denial of equal access to
24  Defendants' facilities due to the acts and omissions of
25  Defendants and each of them in owning, operating, and
26  maintaining this subject public facility, Plaintiff Hollynn
27  D'Lil suffered violations of her Civil Rights including but not
28  limited to rights under sections 54 and 54.1 Civil Code, and

1   suffered   emotional   distress,   embarrassment,   upset   and
2   humiliation normally and natural associated with denial of one's
3   civil   rights,   all   to   her   damages   as   hereinafter   stated.
4   Defendants'   actions   and   omissions   to   act   constituted
5   discrimination against Plaintiff on the sole basis that she was
6   physically disabled and unable, because of the architectural
7   barriers created by the Defendants in violation of the subject
8   laws, to use the public facilities on a full and equal basis as
9   other persons.

10          54.  Plaintiff seeks ongoing damages on a per-incident
11   basis for each occasion of denial and/or basis.

12          55.  Subject to the terms of the preceding paragraph,
13   Plaintiff also seeks damages against all Defendants for the
14   violation of her rights as a person with a disability during her
15   patronage at the subject parking lot, and, on information and
16   belief, on occasions of deterrence or denial that are likely to
17   occur thereafter, according to proof, pursuant to section 54.3
18   Civil Code, including a trebling of all statutory and actual
19   damages, general and special, available pursuant to section 54.3
20   Civil Code.   Plaintiff also seeks such damages for such
21   Defendants' continuing maintenance of such facilities in an
22   inaccessible condition.   Plaintiff also seeks injunctive relief
23   against all Defendants pursuant to section 55 Civil Code,
24   requiring Defendants to make their facilities accessible to
25   disabled persons in each of the respects complained of herein.

26          56.  As a result of Defendants' acts and omissions in
27   this regard, Plaintiff HOLLYNN D'LIL has been required to incur
28   legal   expenses   and   hire   an   attorney   in   order   to   enforce

1   Plaintiff's rights and enforce provisions of the law protecting
2   access   for   persons   with   disabilities   and   prohibiting
3   discrimination against persons with disabilities.   Plaintiff
4   therefore seeks recovery in this lawsuit for all reasonable
5   attorneys' fees and costs incurred pursuant to the provisions of
6   sections 54.3 and 55 Civil Code.   Additionally, Plaintiff's
7   lawsuit is intended not only to obtain compensation for damages
8   to Plaintiff, but also to require the Defendants to make their
9   facilities accessible to all disabled members of the public,
10  conferring   a   significant   public   benefit,   and   justifying
11  attorneys' fees, litigation expenses and costs pursuant to the
12  provisions of section 1021.5 Code of Civil Procedure.

13          WHEREFORE, Plaintiff prays for damages and declaratory
14  and injunctive relief as hereinafter stated.

15

16                      **FOURTH CAUSE OF ACTION:**

17      **Damages and Injunctive Relief for Violation of Titles III**

18              **Of the Americans with Disabilities Act**

19              **Under California's Disabled Rights Act**

20          57.   Plaintiff repleads and incorporates by reference,
21  as if fully set forth again herein, the allegations contained in
22  paragraphs 1 through 56 of this complaint and incorporates them
23  herein as if separately repled.

24          58.   Each violation of the Americans With Disabilities
25  Act of 1990, as complained of in the First Cause of Action
26  hereinabove (the contents of which is incorporated herein as if
27  separately repled in full hereafter), is also a violation of
28  section 54(c) and section 54.1(d) California Civil Code, further

1   and independently justifying damages, injunctive and other
2   statutory relief per section 54.3 and 55 California Civil Code.

3         59. As previously pled, Plaintiff seeks damages on a
4   per incident basis from her aforementioned visit and continuing
5   thereafter.

6         60. Plaintiff has no adequate remedy at law, and
7   unless the relief requested herein is granted, Plaintiff will
8   suffer irreparable harm in that they will continue to be
9   discriminated against and denied access to the specified public
10   facilities. Because Plaintiff seeks improvement of access for
11   persons with disabilities, which will benefit a significant
12   portion of the public, Plaintiff seeks attorneys' fees pursuant
13   to section 1021.5 California Code of Civil Procedure, section
14   54.3 and 55 Civil Code; and 19953 Health & Safety Code.

15         WHEREFORE, Plaintiff prays for relief as hereinafter
16   stated.

17

18                   **FIFTH CAUSE OF ACTION:**

19   **Damages and Injunctive Relief under the Unruh Civil Rights Act**
20              **For violation of title iii of the**
21             **Americans with disabilities act**

22         61. Plaintiff repleads and incorporates by reference,
23   as if fully set forth again herein, the allegations contained in
24   Paragraphs 1 through 60 of this complaint and incorporates them
25   herein as if separately repled.

26         62. Each violation of the Americans With Disabilities
27   Act of 1990, as complained of in the First Cause of Action
28   hereinabove (the contents of which is hereby incorporated herein

1    as if separately repled in full hereafter), is also a violation

2    of section 51(f) of the Unruh Civil Rights Act, further and

3    independently justifying damages of $4,000 per offense,

4    injunctive relief, and other statutory relief, all as previously

5    pled, per sections 52 and common law decision.

6           63.  As previously pled, Plaintiff seeks damages on a

7    per incident basis from her aforementioned visit and continuing

8    thereafter.

9           64.  As a result of Defendants' acts and omissions in

10   this regard, Plaintiff has been required to incur legal expenses

11   and attorney fees, as provided by statute, in order to enforce

12   Plaintiff's rights and to enforce provisions of the law

13   protecting access for disabled persons and prohibiting

14   discrimination against disabled persons.  Plaintiff therefore

15   seeks recovery of all reasonable attorneys' fees, litigation

16   expenses (including expert fees) and costs, pursuant to the

17   provisions of Section 52 of the Civil Code.  Because Plaintiff

18   seeks improvement of access for persons with disabilities, which

19   will benefit a significant portion of the public, Plaintiff

20   seeks attorneys' fees pursuant to section 1021.5 California Code

21   of Civil Procedure, section 55 Civil Code; and 19953 Health &

22   Safety Code.

23

24                       **SIXTH CAUSE OF ACTION:**

25          **VIOLATION OF GOVERNMENT CODE SECTION 12948**

26          65.  Plaintiff repleads and incorporates by reference,

27   as if fully set forth again herein, the factual allegations

28   contained in paragraphs 1 through 64 of this complaint.

1    66.  Defendants' actions are in violation of

2    Government Code Section 12948, and the corresponding Civil Code

3    Sections 51, 54, and 54.1.

4    67.  Plaintiff seeks injunctive relief, statutory and

5    compensatory damages, punitive damages, and attorneys fees under

6    the FEHA.

7    Wherefore, Plaintiff prays that the court grant relief

8    as requested herein below.

9

10    **SEVENTH CAUSE OF ACTION**

11    **(Declaratory Relief)**

12    68.  Plaintiff repleads and incorporates by reference,

13    as if fully set forth again herein, the allegations contained in

14    Paragraphs 1 through 67 of this complaint and incorporates them

15    herein as if separately repled.

16    69.  A present and actual controversy exists among the

17    respective rights and obligations of Plaintiff and Defendants,

18    and separately, as to the obligations that have been impressed by

19    the aforementioned statutes against the parking lot property

20    irrespective of past or future ownership.  Plaintiff requests a

21    judicial determination of her rights and such obligations in a

22    declaration, and also as to whether and to what extent

23    Defendants' conduct and the current configuration of the property

24    violate applicable law.

25    70.  Such a declaration is necessary and appropriate at

26    this time in order that Plaintiff may ascertain her rights.  Such

27    declaration is further necessary and appropriate to prevent

28    further harm or infringement of Plaintiff's Civil Rights.

1    Wherefore, Plaintiff prays the court grant relief as
2 requested hereinbelow.

3

4                    **EIGHTH CAUSE OF ACTION**

5    **Violation of Business and Professions Code Section 17200**

6    **Unfair Competition through Violation of California and State**

7           **Law Protecting the Rights of Disabled Persons**

8           71.  Plaintiff repleads and incorporates by reference,
9 as if fully set forth again herein, the factual allegations
10 contained in paragraphs 1 through 70 of this complaint and
11 incorporate them herein as if separately repled.

12          72.  On a continuous basis, the Defendants are engaged
13 in the business of providing parking lot services.

14          73.  Commencing within three years of the date of he
15 original complaint filed in this action, Defendants have
16 committed acts of unfair competition, as defined by Business and
17 Professions Code section 17200, by providing facilities that are
18 inaccessible to the disabled members of the general public,
19 including, but not limited to the facilities listed in specified
20 in paragraphs 2 and 3, above, all in violation of standards of
21 sections 51, 54 and 54.1 et seq. Civil Code; Title III of the
22 Americans With Disabilities Act of 1990; and the Americans With
23 Disabilities Act Access Guidelines.

24          74.  The acts and practices of the Defendants are
25 likely to continue and therefore will continue to mislead to
26 mislead the general public as to the true cost of providing the
27 specified goods and services and their expected availability to
28 members of the public with physical disabilities pursuant to

1    law.

2           75.   As   a   direct   and   proximate   result   of   the
3    Defendants' conduct, Defendants have received and continue to
4    receive unfair profits that rightfully belong to members of
5    general public who have been adversely affected by Defendants'
6    conduct,   such   as   Plaintiff.    Plaintiff   has   lost   money   and
7    property due to Defendants' acts.

8           76.   Plaintiff   has   no   adequate   remedy   at   law,   and
9    unless the relief requested herein is granted, Plaintiff will
10   suffer   irreparable   harm   in   that   she   will   continue   to   be
11   discriminated against and denied access to the specified public
12   facilities.   Because   Plaintiff   seeks   improvement   of   access   for
13   persons   with   disabilities,   which   will   benefit   a   significant
14   portion of the public, Plaintiff seeks attorneys' fees pursuant
15   to sections 54.3 and 55 Civil Code, section 1021.5 Code of Civil
16   Procedure,   section   19953   Health   &   Safety   Code,   section   505   of
17   the   Americans   with   Disabilities   Act,   and   section   504a   of   the
18   Rehabilitation Act of 1973.

19          WHEREFORE,   Plaintiff   prays   that   the   court   grant
20   relief as requested hereinbelow.

21

22                        **PRAYER FOR RELIEF**

23          Plaintiff   prays   that   this   Court   award   damages   and
24   provide relief as follows:

25          1.   Grant   injunctive   relief   requiring   that   those   of
26   the   Defendants   which   currently   own,   operate,   control   or   lease
27   the subject premises, repair the premises and render them safe
28   to disabled persons, and modify their policies and procedures,

1   and otherwise provide "full and equal access" to the public

2   areas herein complained of, and make such facilities "readily

3   accessible to and usable by individuals with disabilities,"

4   according to the standards of sections 51, 54 and 54.1 et seq.

5   of the California Civil Code; Title 24 of the California

6   Administrative Code; Sections 19955-19959 of the Health & Safety

7   Code; Sections 4450-4456 of the California Government Code;

8   Title III of the Americans With Disabilities Act of 1990; the

9   Americans With Disabilities Act Access Guidelines; and provide

10  full and equal access to physically disabled persons, including

11  Plaintiff, in all manners required by such statutes and

12  government regulations;

13          2.   Retain jurisdiction over the Defendants until

14  such time as the Court is satisfied that Defendants' unlawful

15  policies, practices, acts and omissions, and provision of

16  discriminatory, separate and unequal benefits, as complained of

17  herein, no longer exist, and will not recur;

18          3.   Issue a declaratory judgment that Defendants'

19  actions and omissions, and failures, including to modify the

20  premises in compliance with the law, and to make reasonable

21  accommodations and reasonable modifications for Plaintiff and

22  other similarly situated disabled persons violates the rights

23  Plaintiff and other similarly situated persons rights under the

24  Health & Safety Code Sections 19955-19959; Government Code

25  Sections 4450-4455; Civil Code Sections 51, 54, and 54.1 et

26  seq.; Americans With Disabilities Act of 1990, 42 U.S.C.

27  sections 12101, et seq., and the regulations promulgated

28  thereunder.

1       4.   Issue  a  declaratory  judgment  regarding  the

2  obligations  impressed  by  law  against  the  parking  lot,  and

3  declaring that Plaintiff is entitled to disabled accessible and

4  usable  subject  parking  lot  facilities  including  its  parking

5  facilities, paths of travel, and counter facilities, and other

6  facilities, so that they may make use of the public facilities

7  and participate in the activities offered by Defendants without

8  suffering  discrimination  or  impediment  on  the  basis  of  her

9  disability;

10       5.   An  award  of  statutory  and  "actual"  damages

11  against  all  Defendants,  including  general  damages  and  special

12  damages, according to proof, against such Defendants pursuant to

13  sections  52  and  54.3  Civil  Code,  and  that  these  damages  be

14  trebled;

15       6.   A permanent injunction pursuant to Business and

16  Professions  Code  section  17203  restraining  and  enjoining  the

17  Defendants from continuing the acts of unfair competition set

18  forth above;

19       7.   During the pendency of this action, a preliminary

20  injunction  issue  pursuant  to  Business  and  Professions  Code

21  section 17203 to enjoin and restrain Defendants from the acts of

22  unfair competition set forth above;

23       8.   That  Defendants  be  ordered  to  restore  to  the

24  public all funds acquired by the acts of unfair competition set

25  forth  above  pursuant  to  Business  and  Professions  Code  section

26  17203;

27       9.   Award  prejudgment  interest  on  all  compensatory

28  damages;

1    10. Award all costs of this proceeding and all

2  reasonable attorneys' fees, litigation expenses and costs as

3  provided by law, including but not limited to those recoverable

4  pursuant to the provisions of sections 54.3 and 55 Civil Code,

5  section 1021.5 Code of Civil Procedure, section 19953 Health &

6  Safety Code, and section 505 of the Americans With Disabilities

7  Act; and

8    11. Grant such other and further relief as this Court

9  may deem just and equitable.

10

11 Dated: November 26, 2010     THIMESCH LAW OFFICES
                                TIMOTHY S. THIMESCH
12

13

14                            _____
                              Attorneys for Plaintiff
15                            HOLLYNN D'LIL

16

17            **DEMAND FOR JURY TRIAL**

18    Plaintiff demands a jury on all claims for which a

19 jury is permitted.

20

21 Dated: November 26, 2010

22                            _____
                              Attorneys for Plaintiff
23                            HOLLYNN D'LIL

24

25

26

27

28

Complaint for Injunctive Relief and Damages          — 31 —